UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Craig Ninja Antonio Brewton, | ) | C/A No. 7:26-cv-2703-RMG-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States, Matthew C. Smith, Kathy White, | ) | |
| Christopher Rojas, Judge Mark Hayes, Jennifer E. | ) | |
| Wells, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights against the above-named Defendants. Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the Kirkland Correctional Institution ("Kirkland"). Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and submit findings and recommendations to the district court. For the reasons below, this action is subject to summary dismissal.

## BACKGROUND

**Factual Allegations**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief under 42 U.S.C. § 1983. ECF No. 1. Plaintiff also attached a two-page document containing hand-written allegations, which is titled "Amended Complaint." ECF No. 1-1. The Court construes both of these documents together as the Complaint.

1

Plaintiff asserts that he was subjected to excessive force and an illegal search and seizure in violation of the Fourth Amendment; denied ineffective assistance of counsel, the right to counsel, and the right to a fair trial in violation of the Sixth Amendment; and deprived of due process and equal protection in violation of the Fourteenth Amendment. ECF No. 1 at 4. Plaintiff contends he was injured as a result of a conspiracy between judges, lawyers, and public defenders. *Id*. Plaintiff contends that the events giving rise to his claims occurred on September 19, 2022, at Marcus Barlow's home and at the Spartanburg County Detention Center (the "Detention Center"). *Id*. at 5.

Plaintiff alleges that Matthew C. Smith ("Smith") broke a vertebrae in his neck and dislocated and fractured his right shoulder, that Christopher Rojas ("Rojas") stole from a closed safe, and that Deputy Clark and Deputy Smith illegally searched and seized Plaintiff without a warrant. *Id*. Plaintiff contends that he ran from Deputy Smith, but he was not under arrest, and then he was tazed three times. *Id*. at 6. For his injuries, Plaintiff contends he suffers headaches, a broke/dislocated right shoulder, and broken vertebrae in his neck. *Id*. Plaintiff alleges that a deputy would not take off the handcuffs so that the hospital could diagnose Plaintiff's injuries. *Id*. Plaintiff contends he has a brain injury as a result of being tazed many times making him forget things and unable to remember events. *Id*. Plaintiff asserts he is in imminent danger of serious physical injury of dying from an infected wisdom tooth. *Id*. For his relief, Plaintiff seeks $444,000,000,000 in damages; to be released from prison with an expunged record and his charges dismissed; and "a bullet proof SUV fully loaded." *Id*. Plaintiff's hand-written allegations in the attachment provide a narrative of the events supporting his claims. ECF No. 1-1.

**Plaintiff's Prior Cases**[1]

This is one of six actions filed by Plaintiff in this Court within the span of several months, with many of the claims in the cases related to the same underlying incidents.

In December 2024, Plaintiff filed an action—at case number 24-cv-7655—pursuant to § 1983 against various corrections officers at the Detention Center asserting claims of excessive force and denial of medical care. That action remains pending, although the undersigned has recommended that Defendants' Motion for Summary Judgment be granted in that case.

In January 2025, Plaintiff filed an action—at case number 25-cv-0226—pursuant to § 1983 against various corrections officers at the Detention Center asserting claims of excessive force and denial of medical care. Plaintiff filed a Notice of Voluntary Dismissal on January 27, 2025, and that action was closed.

In February 2025, Plaintiff filed an action—at case number 25-cv-1073—pursuant to § 1983 against various Spartanburg County entities and officials, including Officers Smith, Rojas, and White, asserting claims of unlawful arrest, false imprisonment, and excessive force arising from Plaintiff's arrest on September 19, 2022. The Court granted summary judgment for the Defendants in that action, which is closed. *See Brewton v. Smith*, C/A No. 0:25-cv-01073-RMG, 2026 WL 1266106, at *1 (D.S.C. May 8, 2026).

---

[1] The Court takes judicial notice of Plaintiff's prior cases filed in this Court as well as his underlying state court criminal proceedings. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). Plaintiff's claims in this case, along with the injuries alleged, mirror or are identical to those in his other cases, which were determined to be unfounded. The Court will carefully evaluate Plaintiff's allegations and claims made in the present case in light of the entire record before the Court and the applicable law. The Court notes, however, that Plaintiff's claims in this case are without merit as were similar or identical claims in Plaintiff's other cases. Plaintiff has a "proven tendency to cry 'wolf, wolf' when no wolf is about." *McDowell v. Moore*, 635 F. Supp. 280, 283 (W.D.N.C. 1986).

In August 2025, Plaintiff filed an action—at case number 25-cv-10435—pursuant to § 1983 against certain sheriff's deputies asserting claims of excessive force and denial of medical care. The Court granted summary judgment for the Defendants in that action, which is closed. *See Brewton v. Branson*, C/A No. 7:25-cv-10435-RMG, 2026 WL 1256878, at \*1 (D.S.C. May 7, 2026).

In April 2026, Plaintiff filed an action—at case number 26-cv-1213—pursuant to § 1983 against certain sheriff's deputies asserting claims of excessive force and denial of medical care. That action remains pending.

Finally, Plaintiff filed the present action—at case number 26-cv-2703—in July 2026 asserting claims under § 1983 against the above-named Defendants. This action is nearly identical to case number 25-cv-1073.

### STANDARD OF REVIEW

**Screening and Liberal Construction of *Pro se* Pleadings**

Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and he "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This statute charges the Court with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Plaintiff has also requested leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, which authorizes this Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The Court's duty to liberally construe a *pro se* litigant's complaint does not require the Court "to remove [it's] heavy robe . . . and take on the role of the litigant's attorney." *Jackson v. Dameron*, 171 F. 4th 641, 652 (4th Cir. 2026). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in his pleadings, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 562 U.S. 521, 530 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). "A claim has 'facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

**Claims under 42 U.S.C. § 1983**

The Complaint is filed pursuant to § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983). To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 provides, in relevant part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

6

## DISCUSSION

This action is subject to summary dismissal for the reasons below.

**Res Judicata**

The present action is substantially a duplicate of at least one of Plaintiff's prior actions (case number 25-1073), which was decided on the merits in favor of the same Defendants named in the present action. As such, Plaintiff's claims in the present action are barred under the doctrine of *res judicata*.[2]

*Res judicata*, also known as claim preclusion, is a legal doctrine that promotes judicial efficiency and the finality of decisions. *In re Microsoft Corp. Antitrust Litigation*, 355 F.3d 322, 325 (4th Cir. 2004). Under the doctrine of *res judicata*, a final judgment on the merits in an earlier decision precludes the parties from relitigating issues that were raised or could have been raised during that action. *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). As the Fourth Circuit has stated:

> [T]he preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for not only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

*Pension Benefit Guar. Corp. v. Beverley,* 404 F.3d 243, 248 (4th Cir. 2005) (quotation omitted).

Thus, the doctrine "encourages reliance on judicial decisions, bars vexatious litigation, and frees

---

[2] The Fourth Circuit has noted that "the affirmative defense of res judicata—which serves not only 'the defendant's interest in avoiding the burden of twice defending a suit,' but also the important judicial interest in avoiding resolution of an issue that the court has already decided—may, in 'special circumstances,' be raised *sua sponte*." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citations omitted). Courts within the Fourth Circuit have *sua sponte* raised *res judicata* during initial screening of cases filed under 28 U.S.C. §§ 1915 and 1915A. *See, e.g., Dingle v. Khan*, C/A No. 5:19-cv-129-D, 2020 WL 2120010, at *9 (E.D.N.C. Feb. 20, 2020), *R&R adopted by* 2020 WL 1272266 (E.D.N.C. Mar. 16, 2020).

the courts to resolve other disputes." *Brown v. Felsen,* 442 U.S. 127, 131 (1979). The doctrine applies when there is: (1) a final judgment on the merits in a prior lawsuit; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties or their privies in the two suits. *Pueschel*, 369 F.3d at 354–55.

Because all three of these criteria are met here, Plaintiff's claims are barred by *res judicata. Vaughan v. Dep't of Pub. Safety & Corr. Servs.*, C/A No. CCB-cv-20-0813, 2020 WL 6291387, at *2 (D. Md. Oct. 27, 2020) (dismissing prisoner § 1983 claims under similar circumstances on basis of *res judicata*). A final judgment on the merits of Plaintiff's claims was issued in case number 25-1073, upon the Court's Order granting the Defendants' motion for summary judgment. *See Brewton v. Smith*, C/A No. 0:25-cv-01073-RMG, 2026 WL 1266106, at *4 (D.S.C. May 8, 2026) (Order granting summary judgment for Defendants in the prior action). The prior causes of action against Defendants Smith, Rojas, and White regarding the alleged excessive force, deliberate indifference, and Fourth Amendment violations arising from the incidents on September 19, 2022, are the same as in this case. *Id*. Moreover, Plaintiff has named these same parties in his Complaint in this case, along with other parties named in the prior action who were dismissed. For example, the Court previously dismissed Plaintiff's claims against Rojas that he asserts in the present case. *See, e.g., Brewton v. Smith*, C/A No. 0:25-cv-1073-RMG-WSB, 2026 WL 911957, at *19 (D.S.C. Mar. 12, 2026), *R&R adopted by* 2026 WL 911940 (D.S.C. Apr. 2, 2026), *opinion vacated on reconsideration*, 2026 WL 1266106 (D.S.C. May 8, 2026), and *R&R adopted by* 2026 WL 1266106 (D.S.C. May 8, 2026). Plaintiff may also be attempting to assert claims against the City of Spartanburg and Spartanburg County. ECF No. 1-1 at 1. However, this Court has previously dismissed those entities from Plaintiff's prior actions as they are improper parties under § 1983. *See, e.g., Brewton v. Branson*, C/A No. 7:25-cv-10435-RMG-WSB, 2025 WL 3149796,

8

at *4 (D.S.C. Sept. 17, 2025).  Accordingly, the doctrine of *res judicata* applies and bars Plaintiff's claims in the present case.  *Barefoot v. Polk*, C/A No. 5:07-CT-3029-D, 2010 WL 3245528, at *5 (E.D.N.C. Aug. 17, 2010).

**Statute of Limitations**

Even if Plaintiff's claims were not barred by res judicata, they are time-barred under the applicable statute of limitations.  For a § 1983 claim arising in South Carolina, the statute of limitations is three years.  *See Owens v. Okure*, 488 U.S. 235, 240-241 (1989) ("Because § 1983 claims are best characterized as personal injury actions, . . . a State's personal injury statute of limitations should be applied to all § 1983 claims."); *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of action.  For § 1983 suits, that cause of action is a personal-injury suit.") (internal citations omitted); *Brannon v. Blanton*, C/A No. 9:15-cv-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. Aug. 11, 2016) ("[T]he statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim.").

A § 1983 cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action.  *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (providing that the accrual date of a § 1983 cause of action is a question of federal law).  The statute of limitations for an arrestee's § 1983 false arrest or false imprisonment claim begins to run at the time of arrest.  *Wallace v. Kato*, 549 U.S. at 389 ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained

9

pursuant to legal process."). For an excessive force claim, the cause of action accrues on the date the alleged excessive force occurred. *See Pitts v. South Carolina*, C/A No. 8:20-cv-00092-JFA-KFM, 2020 WL 4506830, at *4 (D.S.C. Apr. 15, 2020), *R&R adopted by* 2020 WL 4506681 (D.S.C. Aug. 5, 2020) (explaining the three-year statute of limitations applies to excessive force claims and that a cause of action accrues on the date the alleged excessive force occurred).

Here, Plaintiff alleges that the events giving rise to his claims occurred on September 19, 2022. ECF No. 1 at 5. However, Plaintiff did not file this action until July 2026, more than three and a half years later. Accordingly, if the stated dates are correct, Plaintiff's claims are barred by the applicable statute of limitations.[3] See *Mansell v. Thompson*, C/A No. 6:23-cv-01205-BHH-MHC, 2023 WL 4769767, at *2 (D.S.C. July 5, 2023), *R&R adopted by* 2023 WL 4768138 (D.S.C. July 26, 2023).

**Defendants Entitled to Dismissal**

Additionally, certain Defendants named in this action are entitled to summary dismissal because they are not proper parties or are immune from suit.

### *The United States*

Plaintiff lists the United States as a Defendant. ECF No. 1 at 1. However, the United States is immune from suit. *Bellamy v. United States*, C/A No. 4:15-cv-00803-RBH, 2015 WL 4772271, at *6 (D.S.C. Aug. 11, 2015). The United States cannot be sued without its express consent, and

---

[3] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading (*see* Fed. R. Civ. P. 8(c)), the Court is authorized to anticipate clearly apparent affirmative defenses available to defendants in determining whether, under § 1915, process should be issued. *Todd v. Baskerville*, 712 F.2d at 74; *see also Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W. Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) [that a] complaint [is] frivolous.") (citation omitted).

express consent is a prerequisite to a suit against the United States. *United States v. Mitchell,* 463 U.S. 206, 212 (1983). "The United States has not consented to suit except under the Federal Tort Claims Act," and Plaintiff has not alleged facts to support any such claim here. *Wagner v. United States*, 486 F. Supp. 2d 549, 557 (D.S.C. 2007). Further, while 42 U.S.C. § 1983 authorizes suits against state and local officers who have violated an individual's constitutional rights under color of state law, and while the Supreme Court has recognized a cause of action for monetary damages against a federal officer who violates a plaintiff's constitutional rights under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), such causes of action are not allowed directly against the United States of America. *Id*. at 555, n.4.

### *Judge Mark Hayes*

Plaintiff names Judge Mark Hayes ("Judge Hayes") as a Defendant in this action. ECF No. 1 at 1. Plaintiff previously named Judge Hayes in the action filed at case number 25-cv-10435. This Court dismissed Judge Hayes from that action on the basis of judicial immunity. *See Brewton v. Branson*, C/A No. 7:25-cv-10435-RMG-WSB, 2025 WL 3149796, at *5 (D.S.C. Sept. 17, 2025). The same result is warranted here.

Judge Hayes is a South Carolina Circuit Court Judge. Judge Hayes is immune from suit and, therefore, entitled to dismissal. It is well-settled that judges have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Murphy v. Ross*, C/A No. 3:14-cv-870, 2015 WL 1787351, at *2 (E.D. Va. Apr. 15, 2015) ("It is beyond dispute that judicial officers may not be held liable for an award of money damages if they have acted within their jurisdiction." (collecting cases)). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *Id.* at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not

be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted).   Because Judge Hayes is entitled to absolute immunity, he is subject to dismissal.  *Jackson v. Hayes*, C/A No. 4:20-cv-1441-SAL-KDW, 2020 WL 4550482, at *2 (D.S.C. July 7, 2020) (finding claims against a judge related to setting of bond were subject to dismissal based on judicial immunity), *R&R adopted by* 2020 WL 4548412 (D.S.C. Aug. 6, 2020).

**Failure to State a Claim**

Finally, to the extent Plaintiff intended to assert claims or name parties that were not part of the prior action, any such claims are without merit and subject to dismissal for failing to state a claim that is plausible.  For example, the caption of the Complaint lists "Jennifer E. Wells," although the body of the Complaint does not contain any allegations about wrongdoing by Wells.[4] Similarly, the attachment to the Complaint contains cursory allegations against individuals not listed in the caption, including Dep. Clark, who allegedly "didn't let the [Plaintiff] read a search warrant," and Nurses Deel and Roach, who allegedly "both knew that I was injured [and] saw that I had minimal range of motion in my right shoulder . . ."  ECF No. 1-1 at 1–2.

The Fourth Circuit recently instructed that, "[w]hen the body of a pro se complaint makes it clear that an additional party is intended as a defendant, the district court must act accordingly." *Nichols v. Bumgarner*, No. 24-7215, 2026 WL 1084251, at *4, -- F.4th -- (4th Cir. Apr. 22, 2026) ("In cases like this one, where an incarcerated, civil rights plaintiff files a pro se complaint using

---

[4] The Court previously denied Plaintiff's request to add Wells in a prior action, finding that Wells was not a state actor because she was Plaintiff's attorney in his underlying criminal action. *Brewton v. Smith*, C/A No. 0:25-cv-1073-RMG-WSB, 2026 WL 911957, at *19 (D.S.C. Mar. 12, 2026).

a court-issued form, district courts have a duty to examine its contents thoroughly.").  Thus, "[i]f the body of a complaint indicates that the plaintiff intended to sue parties left out of the caption, the district court must help remedy the error."  *Id*.

However, Plaintiff's claims against these individuals, to the extent they are intended to be named as Defendants, are barred by res judicata because they could (and should) have been included in Plaintiff's prior action as the claims arise out of the same operative facts as that action.  *See Sierra Club v. Nat'l Marine Fisheries Serv.*, 803 F. Supp. 3d 429, 446 (D. Md. 2025) ("*Res judicata* bars not only claims that were actually litigated in the prior proceeding, but also claims that could have been litigated" where "the claims at issue in the two cases 'arise out of the same transaction or series of transactions or the same core of operative facts.'").  Plaintiff's allegations also fail to state a claim for relief as he does nothing more than present conclusory allegations and legal conclusions.  *Est. of Green v. City of Annapolis*, 696 F. Supp. 3d 130, 166 (D. Md. 2023) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support a finding of deliberate indifference.").  Plaintiff must allege more than mere cursory assertions to state a plausible claim for relief.  *See Griffith v. State Farm Fire and Cas. Co.*, C/A No. 2:12-cv-00239-DCN, 2012 WL 2048200, at *1 (D.S.C. June 6, 2012) (finding that the plausibility standard requires more than "'an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (quoting *Iqbal*, 556 U.S. at 678)).  "Plaintiff's cursory allegations fail to state an actionable § 1983 claim . . ."  *Branch v. Anderson Cnty. Det. Ctr.*, C/A No. 2:24-cv-00851-JFA-MGB, 2024 WL 4981587, at *4 (D.S.C. Oct. 18, 2024), *R&R adopted by* 2024 WL 4973401 (D.S.C. Dec. 4, 2024); *see also Hamilton v. United States*, C/A No. 2:20-cv-1666-RMG-MHC, 2020 WL 7001153, at *4 (D.S.C. Aug. 26, 2020) (finding claims frivolous where, other than naming defendants in the caption of

13

her complaint, plaintiff failed to include sufficiently clear allegations of any personal conduct or wrongdoing in connection with the alleged federal violations), *R&R adopted by* 2020 WL 5939235 (D.S.C. Oct. 7, 2020); *Garner v. Cohen*, C/A No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016) (finding the complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"), *R&R adopted by* 2017 WL 2645754 (D.S.C. June 20, 2017); *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (explaining that a *pro se* plaintiff "must meet certain minimum standards of . . . specificity" in filing a complaint).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that this action be dismissed without leave to amend and without issuance and service of process.[5]

---

[5] The dismissal should be without leave to amend, rendering the dismissal final and appealable, because any attempt to cure the deficiencies in the complaint would be futile for the reasons stated herein. *See Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022) ("[W]hen a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable."); *see also Bing v. Brivo Sys. LLC*, 959 F.3d 605 (4th Cir. 2020). The Court recognizes that, under Federal Rule of Civil Procedure 15(a), a plaintiff generally has a right to amend his complaint once as a matter of course before a responsive pleading has been filed. *See Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010). However, it has been recognized in this District that the pre-screening authority of 28 U.S.C. §§ 1915 and 1915A "allows the court to exercise a great deal of control over the claims of a plaintiff who is proceeding [*in forma pauperis*] and the court may at any time pre-screen and dismiss claims that are frivolous or fail to state a claim" without leave to amend. *Wells v. SCDF Emps.*, C/A No. 2:13-cv-3061-TMC-BHH, 2014 WL 346520, at *1 n.1 (D.S.C. Jan. 28, 2014). This approach has also been adopted by other District Courts within the Fourth Circuit. *See, e.g., Rutledge v. Town of Chatham*, C/A No. 4:10-cv-00035, 2010 WL 4791840, at *6 (W.D. Va. Nov. 18, 2010) (distinguished the holding in *Galustian* because the plaintiff was proceeding *in forma pauperis* and finding he did not have a right to amend as a matter of course under Rule 15) (collecting cases), *aff'd*, 414 F. App'x 568 (4th Cir. 2011); *Bartlett v. Harviel*, C/A No. 1:00-cv-241, 2002 WL 32574862, at *5 (M.D.N.C. Feb. 26, 2002) (finding the "court is permitted to deny a proposed amendment that is futile" by a *pro se* prisoner proceeding *in forma pauperis* despite the amendment provisions of Rule 15(a) because "all federal courts have been admonished by Congress to dismiss a case" that meets one of the criteria under the prescreening provisions of 28 U.S.C. §§ 1915 or 1915A)), *aff'd*, 45 F. App'x 269 (4th Cir. 2002); *Weakley v. Homeland Sec. Sols., Inc*, C/A No. 3:14-cv-785-REP-RCY, 2015 WL

14

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

July 9, 2026
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

11112158, at *4 (E.D. Va. May 19, 2015) ("[W]here a party is proceeding *in forma pauperis*, the Court may "prescreen" and "block futile claims.") (collecting cases within the Fourth Circuit), *R&R adopted by* 2015 WL 11112159 (E.D. Va. June 16, 2015), *aff'd*, 622 F. App'x 253 (4th Cir. 2015).

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).