**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Craig Ninja Antonio Brewton,<br><br>           Plaintiff,<br>   v.<br><br>United States, Matthew C. Smith, Cathy White, Christopher Rojas, Judge Mark Hayes, Jennifer E. Wells,<br><br>           Defendants. | Case No. 7:26-cv-2703-RMG<br><br><br>**AMENDED ORDER** |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge, recommending that this action be summarily dismissed without service of process or leave to amend. (Dkt. No. 9). Defendant was advised he had 14 days to file written objections and a failure to file timely objections would result in clear error review and a waiver of the right to appeal the district court's order. (*Id*. at 16). Plaintiff failed to file a timely objection, which was due on July 26, 2026. The Court entered an order on July 28, 2026 adopting the R & R and dismissing this action. Plaintiff submitted an objection which he dated July 29, 2026 and which was received by the Court on August 4, 2026. (Dkt. No. 14). Plaintiff asserts that there was some mix up with his address that delayed receipt of the R & R. (*Id.*). The Court has elected to vacate its prior order (Dkt. No. 11) and issue this Amended Order.

## I.   Background

Plaintiff, previously a pretrial detainee at the Spartanburg County Detention Center acting *pro se*, filed this 42 U.S.C. § 1983 action against the Defendants asserting claims of excessive force, illegal search and seizure, denial of effective assistance of counsel, denial of a fair trial, and

1

denial of equal protection and due process. He further alleges a conspiracy involving judges, lawyers, and public defenders. He alleges these events occurred on September 19, 2022.

The Magistrate Judge, in a thorough and well-reasoned R & R, recommended the summary dismissal of this action for multiple reasons, including (1) res judicata, because the bulk of the allegations in this complaint were previously unsuccessfully asserted or could have been asserted in *Brewton v. Smith*, C.A. No. 0:25-1073-RMG (D.S.C.); (2) statute of limitations, because the alleged incidents occurred on September 19, 2022 and the present complaint was filed on July 7, 2026, exceeding the three year statute of limitations; (3) governmental immunity for the United States and judicial immunity for Judge Mark Hayes; and (4) failure to state a complaint upon which relief could be granted against any of the named Defendants or other persons mentioned in the complaint. (Dkt. No. 9 at 7-14). As previously mentioned, Plaintiff filed no objection to the R & R.

Plaintiff's objection rehashes the factual issues previously presented to the Magistrate Judge but failed to address the legal bases upon which the R & R recommended summary dismissal (res judicata, statute of limitations, governmental immunity, and failure to state a claim upon which relief can be granted.)

## II.  Legal Standard

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole

2

or in part, the findings or recommendations made by the magistrate judge." *Id*.  Where a party fails to timely file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B.  Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

## III.     Discussion

The Magistrate Judge ably summarized the factual and legal issues in the R & R and correctly concluded that this action should be dismissed without issuance of a summons or leave to amend.  The Magistrate Judge persuasively set forth a number of separate and independent bases upon which this case should be dismissed.

## IV.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 9) as the Order of the Court.  This action is summarily **DISMISSED** without issuance of a summons or leave to amend.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 4, 2026
Charleston, South Carolina